UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CURRIER, MCCABE & ASSOCIATES, INC.
d/b/a CMA Consulting Services,

                           Plaintiff,

-against-

PUBLIC CONSULTING GROUP, INC.,

                           Defendant.

**COMPLAINT**
CIVIL ACTION NO: 1:13-CV-729
(GLS/RFT)

Plaintiffs, Currier, McCabe & Associates, Inc., d/b/a CMA Consulting Services (hereinafter referred to as "CMA"), by and through its attorneys, The Mills Law Firm, LLP, as and for a Complaint against Defendant, Public Consulting Group, Inc., (hereinafter referred to as "PCG") allege as follows upon information and belief:

## JURISTICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

2. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 (b) and (c) in that CMA is a New York Corporation that is registered to do business in New York, and maintains its principal place of business within this judicial district. In addition, a substantial part of the events or omissions giving rise to this claim occurred within this judicial district, including the subject matter of the subject contract, the negotiation of the subject contract and the execution of the subject contract.



## THE PARTIES

3. Plaintiff, CMA, is a New York State Corporation with its principal place of business being located at 700 Troy Schenectady Road, Latham, New York 12110.

4. Defendant, PCG, is a Massachusetts State Corporation with its principal place of business being located at 148 State Street, 10th Floor, Boston, Massachusetts 02109.

## GENERAL ALLEGATIONS

5. This is an action for breach of contract and other related causes of action arising from CMA's contractual relationship and business dealings with PCG.

6. CMA entered into a "Teaming and Confidentiality Agreement" (hereinafter referred to as "Teaming Agreement") with PCG on or about March 5, 2013. Under the terms of the Teaming Agreement, the parties agreed to cooperate and collaborate in responding to a request for proposal (hereinafter referred to as "RFP") for certain services to the New York State Department of Health, Division of Family Health, Bureau of Early Intervention (hereinafter referred to as "DOH").

7. The stated purpose of the Teaming Agreement was to establish a working relationship between PCG and CMA in order to develop, submit and support a proposal in response to the Request for Proposal under which PCG was to be the prime contractor and CMA was to be a subcontractor.


THE MILLS LAW FIRM LLP
ATTORNEYS AND COUNSELORS AT LAW

8. The Teaming Agreement set forth the duties, rights and responsibilities of the respective parties, and guaranteed CMA a minimum project participation rate of twenty (20%) of the total contract value.

9. Thereafter, PCG made a proposal to DOH in response to the RFP and refused to include CMA as a proposed subcontractor as required by the Teaming Agreement.

10. Upon information and belief, PCG was awarded a contract as a result of the proposal, and it has explicitly refused to include or utilize CMA as a subcontractor on the project.

11. PCG's conduct is in clear violation of the Teaming Agreement, and its conduct has caused CMA to sustain damages in an amount to be determined at trial, but not less than $1,200,000.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT, PCG

12. Plaintiff repeats and realleges each and every allegation contained in the paragraphs marked and numbered "1" through "11" with the same force and effect as if fully set forth at length herein.

13. The Teaming Agreement executed by the parties constituted a legal, valid, binding, enforceable and subsisting contract between PCG and CMA.

14. CMA fully performed its obligations under the contract, and remains willing and able to perform the subcontractor services detailed in the Teaming Agreement.



15. PCG has breached the contract by explicitly stating that it does not intend to honor its obligations under the Teaming Agreement, and has otherwise breached the contract by refusing to submit a proposal to DOH including CMA as a subcontractor.

16. CMA has sustained money damages as a result of PCG's failure to honor its obligations under the Teaming Agreement, and therefore CMA is entitled to a money judgment in an amount to be determined at trial, but not less than $1,200,000.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT, PCG

17. Plaintiff repeats and realleges each and every allegation contained in the paragraphs marked and numbered "1" through "16" with the same force and effect as if fully set forth at length herein.

18. During the course of the negotiations that ultimately resulted in the execution of the Teaming Agreement, PCG made certain factual representations to CMA in an effort to secure CMA's participation in PCG's proposal.

19. PCG represented that CMA's status as a minority or woman owned business (hereinafter referred to as "MWBE") would assist PCG in obtaining the subject contract as part of the State of New York's effort to encourage and assist state agencies that are engaged in contracting activities to award a fair share of state contracts to MWBSs.

20. PCG also made certain factual representations to CMA concerning its ability to secure the contract in response to the RFP, and made certain factual representations concerning other companies that were prospective bidders for the subject project.



21. In addition, PCG engaged in other additional representations, omissions and conduct prior to the execution of the Teaming Agreement in an effort to induce CMA to enter into the Teaming Agreement.

22. These representations and assurances were made prior to the execution of the Teaming Agreement, and in addition to the written promises recorded in the Teaming Agreement.

23. As part of the Teaming Agreement, PCG required that CMA refrain from submitting a competing proposal in response to the RFP, and required that CMA refrain from entering into any teaming agreement or any other understanding or arrangement of the same or similar nature in response to the RFP with any other party.

24. Upon information and belief, PCG's representations were fraudulent, and were made to (1) induce CMA to enter into the Teaming Agreement, (2) prevent CMA from submitting its own response to the RFP and (3) to preclude CMA from entering into negotiations with other companies that were considering responses to the RFP.

25. CMA has sustained money damages as a result of PCG's efforts to fraudulently induce CMA into signing the Teaming Agreement, and therefore CMA is entitled to a money judgment in an amount to be determined at trial, but not less than $1,200,000.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT, PCG

26. Plaintiff repeats and realleges each and every allegation contained in the paragraphs marked and numbered "1" through "25" with the same force and effect as if fully set forth at length herein.

27. As a result of the Teaming Agreement, PCG was obligated to act in good faith in furtherance of the stated purpose of the Teaming Agreement.

28. PCG failed to act in good faith, and otherwise breached the implied covenant of good faith and fair dealing, which deprived CMA of any opportunity to submit its own bid or to enter into teaming agreements with other entities.

29. PCG's failure to act in good faith also prevented CMA from enjoying the benefits and privileges of its subcontract agreement with PCG.

30. CMA has sustained money damages as a result of PCG's breach of the implied covenant of good faith and fair dealing, and therefore CMA is entitled to a money judgment in an amount to be determined at trial, but not less than $1,200,000.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT, PCG

31. Plaintiff repeats and realleges each and every allegation contained in the paragraphs marked and numbered "1" through "30" with the same force and effect as if fully set forth at length herein.



32. As part of the Teaming Agreement, CMA provided PCG with proprietary and confidential information in preparing PCG's response to the RFP.

33. PCG was unjustly enriched from the proprietary and confidential information provided to PCG, which in turn assisted PCG in securing the contract with DOH.

34. PCG has been unjustly enriched as a result of the proprietary and confidential information received from CMA, causing CMA damages in an amount to be determined at trial, but not less than $1,200,000.

**WHEREFORE**, Plaintiff, CMA, requests that this Court enter judgment against the Defendant in an amount to be determined at trial, but not less than $1,200,000, or as provided by the laws of the State of Massachusetts, together with such other and further relief as to this Court may seem just and proper, including costs and disbursements of this action.

DATED: June 21, 2013

Respectfully submitted,

THE MILLS LAW FIRM, LLP

BY: _____
CHRISTOPHER K. MILLS
*Attorneys for Plaintiff*
Office and PO Address
1520 Crescent Road, Suite 100
Clifton Park, NY 12065
Phone: (518) 373-9900

