UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CURRIER, MCCABE & ASSOCIATES, INC.
d/b/a CMA Consulting Services,

              Plaintiff,

-against-

PUBLIC CONSULTING GROUP, INC.,

              Defendant.

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**
CASE NO: 1:13-CV-00729-GLS-RFT

Plaintiffs, Currier, McCabe & Associates, Inc., d/b/a CMA Consulting Services (hereinafter referred to as "CMA"), by and through its attorneys, The Mills Law Firm, LLP, as and for an Answer to Defendant, Public Consulting Group, Inc.'s (hereinafter referred to as "PCG") Counterclaims, allege as follows upon information and belief:

### ANSWER TO PCG'S COUNTERCLAIMS

1. Admit that the Court possesses jurisdiction over PCG's counterclaims.

2. Admit that the Court possesses jurisdiction over PCG's counterclaims.

3. CMA lacks knowledge or information sufficient to admit or deny the date on which the New York State Department of Health, Division of Family Health, Bureau of Early Intervention (hereinafter "DOH") issued a request for proposals.

4. Admitted.

5. Deny except admit that the DOH project required a contractor to provide certain services, including a data warehouse and call center.



6. Deny except admit that a phone call took place on February 8, 2013 between representatives of PCG and CMA, and that the parties discussed the possibility of working together to prepare a proposal responding to the DOH request, with PCG proposed as the prime contractor and CMA proposed as a subcontractor.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Deny except admit that PCG received accurate information from CMA sufficient to assess the parties' complementary capacities and to conclude that their mutual efforts in preparing a proposal would best satisfy DOH's needs.

19. Deny and refer to the said Teaming Agreement for all of its terms, conditions and provisions.



20. Deny and refer to the said Teaming Agreement for all of its terms, conditions and provisions.

21. Deny and refer to the said Teaming Agreement for all of its terms, conditions and provisions.

22. Denied.

23. Denied.

24. Denied.

25. Deny knowledge or information sufficient to admit or deny this allegation.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Deny knowledge or information sufficient to admit or deny this allegation.

33. Denied.

34. Denied.

35. Denied.

36. Denied.



## COUNT I

37. CMA repeats and realleges its responses to paragraphs 1 through 36 above.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT II

45. CMA repeats and realleges its responses to paragraphs 1 through 44 above.

46. Admitted.

47. Admit and refer to the Teaming Agreement for all of its terms, conditions and provisions.

48. Denied.

49. Denied.

50. Deny except admit that the Teaming Agreement is a contract.

51. Denied.

52. Denied.

53. Denied.



54. Denied.

55. Denied.

56. Denied.

57. Denied.

## COUNT III

58. CMA repeats and realleges its responses to paragraphs 1 through 57 above.

59. Admitted.

60. Deny except admit that there was an obligation for both parties to act in good faith and not to frustrate each others' rights to receive the benefit of the agreement.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## PRAYER FOR RELIEF

With respect to each count of Defendant's Counterclaims, the Plaintiff respectfully requests that the Court deny the relief requested, together with such other and further relief that the Court deems just and proper.



## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

PCG's counterclaims are barred by the doctrine of equitable estoppel.

### SECOND AFFIRMATIVE DEFENSE

PCG failed to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

PCG's request for relief is unconscionable.

### FOURTH AFFIRMATIVE DEFENSE

PCG's request for relief is barred by the doctrines of impossibility and/or impracticability.

### FIFTH AFFIRMATIVE DEFENSE

PCG's request for relief is barred by the fact that PCG unilaterally cancelled the Teaming Agreement.

### SIXTH AFFIRMATIVE DEFENSE

PCG's cause of action for fraudulent inducement fails to state a viable cause of action.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against the Defendant in an amount to be determined at trial, but not less than $1,200,000, or as provided by the laws of the State of Massachusetts, and dismiss the counterclaims set forth in PCG's Answer, together with such other and further relief as to this Court may seem just and proper, including attorneys fees, costs and disbursements of this action.



DATED: April 11, 2014

                                        Respectfully submitted,

                                        THE MILLS LAW FIRM, LLP

                                        BY: _____
                                               CHRISTOPHER K. MILLS
                                        *Attorneys for Plaintiff*
                                        Office and PO Address
                                        1520 Crescent Road, Suite 100
                                        Clifton Park, NY 12065
                                        Phone: (518) 373-9900