CURRIER, MCCABE & ASSOCIATES, INC.
d/b/a CMA Consulting Services,

*Plaintiff/Counter-Defendant*
v.

No. 1:13-cv-00729-GLS-RFT

PUBLIC CONSULTING GROUP, INC.,

STIPULATED PROTECTIVE ORDER

*Defendant/Counter-Plaintiff.*

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that certain documents and information produced during the course of discovery in this matter shall be protected so as to preserve the confidentiality of commercially sensitive, confidential, competitive and/or proprietary information contained therein.

It is HEREBY FURTHERED ORDERED that:

1. <u>Scope of Protective Order.</u> This Protective Order shall govern all materials containing commercially sensitive, confidential, competitive, and/or proprietary information produced in response to any disclosure requirement or discovery request (including but not limited to documents, deposition transcripts, interrogatory responses, and responses to requests for admission) in this action made to or by any party or non-party; all information contained in those materials; and all copies, excerpts, or summaries of those materials (collectively, "Confidential Discovery Material"). The parties may use Discovery Material solely for the purposes of this litigation, including any and all appeals, and not for any other purpose.

2. <u>Method of Designating Discovery Material as Confidential.</u>

(a) Designation of Discovery Material as Confidential shall be made by stamping the legend "Confidential" on any document containing Confidential Discovery Material. Multi-paged Confidential Discovery Material that is bound together need only be so designated on the first page. For any records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked "Confidential." Any confidential designation that is inadvertently omitted during document production may be corrected by written notice to counsel of the party receiving the document.

(b) To the extent a producing party believes that certain Confidential Discovery Material is so sensitive that its dissemination deserves even further limitation, the producing party may designate such material as "Highly Confidential – Attorneys' Eyes Only." Designation of this material ("Attorneys' Eyes Only Material") shall be made by stamping the legend "Highly Confidnetial – Attorneys' Eyes Only" on it. Multi-paged Attorneys' Eyes Only Material that is bound together need only be so designated on the first page. For any records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked "Highly Confidential – Attorneys' Eyes Only." Any Attorneys' Eyes Only designation that is inadvertently omitted during document production may be corrected by written notice to counsel of the party receiving the document.

(c) Any Discovery Material produced by non-parties to this litigation initially shall be treated as Confidential Discovery Material. The parties to this litigation shall have fourteen (14) days following the receipt of a non-party's Discovery Material to designate it (or any portion thereof) as Confidential Discovery Material or Attorneys' Eyes Only Material. Such designation shall be in writing and shall identify the Discovery Material to be treated as Confidential. A party

receiving such designation shall label the designated materials, and any copies thereof, in its possession, custody, or control "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the manner described in paragraph 2(a) above. Until fourteen (14) days after the receipt of a non-party's Discovery Material, each party shall treat any non-party Discovery Material as Confidential when including such material in any filing with the Court.

(d) Deposition testimony may be designated "Confidential" Or "Highly Confidential – Attorneys' Eyes Only" by an indication on the record at the deposition, or by written notice of the specific pages and lines of testimony that is so designated, within twenty-one (21) days after receipt of the official deposition transcript. Each party shall attach a copy of any such written notice to all copies of the deposition within its possession, custody, or control. Until twenty-one (21) days after the receipt of the official deposition transcript, each party shall treat any deposition testimony as Confidential when including transcript excerpts in any filing with the Court.

3. <u>Use of Confidential Discovery Material</u>. All Discovery Material, including but not limited to Confidential Discovery Material may be used solely for the purpose of this litigation, and not for any other purpose. Confidential Discovery Material may be disclosed only to the following persons:

(a) Any court in which this litigation is pending and any court to which an appeal in this litigation may lie;

(b) The parties to this litigation, including present officers, directors, and other employees of the parties, to the extent reasonably necessary for the prosecution or defense of claims in this litigation;

(c) In-house and outside counsel representing the parties and their support personnel whose functions require access to such Confidential Discovery Material;

(d) Any actual or potential witness or deponent to the extent reasonably necessary for the preparation or giving of his or her deposition or trial testimony in this litigation, and counsel for such witness;

(e) Outside vendors who perform microfiching, photocopying, computer classification, or similar clerical functions, but only for so long as necessary to perform those services;

(f) Court reporters and other persons engaged in preparing transcripts of testimony or hearings for this litigation;

(g) Experts retained or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this litigation, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this litigation;

(h) Any other person who is so designated by order of the court in which this litigation is pending.

(i) No Confidential Discovery Material may be disclosed to persons identified in subparagraphs (b), (d), (g), and (h) until they have reviewed this Order and either (1) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the disclosing party and provided on request to other counsel of record; or (2) agreed on the record at a deposition to be bound by the terms of this Order.

4. <u>Use of Attorneys' Eyes Only Material.</u> Attorneys' Eyes Only Material may be disclosed only to the following persons:

(a) Any court in which this litigation is pending and any court to which an appeal in this litigation may lie;

(b) In-house and outside counsel representing the parties and their support personnel whose functions require access to such Attorneys' Eyes Only Material, provided that the in-house counsel exercise no competitive decision-making authority on behalf of the client.

(c) Outside vendors who perform microfiching, photocopying, computer classification, or similar clerical functions, but only for so long as necessary to perform those services;

(d) Court reporters and other persons engaged in preparing transcripts of testimony or hearings for this litigation;

(e) Experts retained or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this litigation, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this litigation;

(f) No Attorneys' Eyes Only Material may be disclosed to persons identified in subparagraph (e) until they have reviewed this Order and either (1) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the disclosing party and provided on request to other counsel of record; or (2) agreed on the record at a deposition to be bound by the terms of this Order.

4. <u>Use of Discovery Material at Deposition.</u>

(a) Any party may use Confidential Discovery Material, pursuant to the terms of this Order, as an exhibit in a deposition taken in this litigation. Such exhibits shall be marked as confidential. Third-party witnesses shall be bound by the terms of this Order and shall be informed by counsel of their obligation not to use or disclose Confidential Discovery Material except as permitted by the terms of this Order. Such witnesses shall sign the written acknowledgement attached hereto as Exhibit A or agree on the record to be bound by the terms of this Order.

(b) Any party may use Attorney's Eyes Only Material as an exhibit in a deposition taken in this litigation, provided that the deponent (1) is eligible to have access to the Attorney's Eyes Only Material by virtue of his or her employment wth the designating party, (2) is identified in the Attorney's Eyes Only Material as an author, addressee, or copy recipient of the such information, (3) although not identified as an author, addressee, or copy recipient of such Attorney's Eyes Only Material, has, in the ordinary course of business, seen such Attorney's Eyes Only Material, or (4) a current officer, director, or employee of the producing party. Such exhibits shall be marked as "Highly Confidential – Attorneys' Eyes Only." Third-party witnesses shall be bound by the terms of this Order and shall be informed by counsel of their obligation not to use or disclose Attorneys' Eyes Only Material except as permitted by the terms of this Order. Such witnesses shall sign the written acknowledgement attached hereto as Exhibit A or agree on the record to be bound by the terms of this Order.

5. <u>Challenges to Designations of Discovery Material.</u>

(a) If any party to this Order should conclude that particular Discovery Material should not be treated as Confidential or as Attorney's Eyes Only Material

("Challenging Party"), then it shall so notify the designating party in writing and state the basis for that conclusion. If the designating party is a non-party to the litigation, the Challenging Party also shall notify the opposing party to the litigation ("Opposing Party") in writing and state the basis for its conclusion.

(b) If the designating party or the Opposing Party insists on the material being treated as Confidential Discovery Material or Attorneys' Eyes Only Material as specified in this Order, it shall so notify the Challenging Party in writing within ten (10) days of receipt of the Challenging Party's notice. The Challenging Party shall have twenty-one (21) days after receipt of such notice, or such other time as the parties may so agree, to move the court for an order that the challenged Discovery Material should not be designated as Confidential or as Attorneys' Eyes Only Material. The party that wishes the Discovery Material to retain the Confidential or Attorneys' Eyes Only designation shall bear the burden of proof in any challenge to such a designation.

(c) The Parties agree to maintain the confidentiality of any such Confidential Discovery Material or Attorney's Eyes Only Material and to use it only in the manner authorized by this Order unless and until the Court in which this litigation is pending rules that it may be treated otherwise.

6. <u>No Restriction on Material Independently Obtained or Publicly Available.</u> Nothing in this Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this litigation, whether or not the same material has been obtained during the course of discovery in this litigation and whether or not such documents or information have been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

7. <u>Exemption for Authors, Recipients, and Parties Producing Confidential Discovery Material</u>. Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material designated "Confidential" to such persons as appear on the face of the document to be its author or a recipient, and nothing in this Order shall be deemed to limit or prohibit any manner of use of any Discovery Material designated "Confidential" or "Highly Confidential – Attorney's Eyes Only" by the party producing such Confidential Discovery Material.

8. <u>Filing Confidential Discovery Material Under Seal</u>. All Discovery Material properly designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that are filed or lodged with the Court for any purpose shall be filed under seal unless the Court orders, or the designating party agrees in writing, otherwise. Such Confidential Discovery Material shall not be made available for review to anyone other than those designated by the terms of this Order, except by Court Order or by a written stipulation of the Parties that is filed with the clerk of the Court. The Parties' obligations to protect the confidentiality of Confidential Discovery Material shall continue during the course of trial. Use of Confidential Discovery Material at trial or during any other court proceedings will take place in the manner best designed to preserve its confidentiality or as otherwise ordered by the Court.

9. <u>No Waiver of Objections</u>. Nothing in this Order shall constitute a waiver of a party's right to object to the production of Discovery Material or to demand more stringent restrictions upon the treatment and disclosure of any Discovery Material on the ground that it contains particularly sensitive information.

10. <u>No Waiver of Privilege</u>. The production of any document or other information during discovery shall be without prejudice to any claim that such material is protected from discovery under the attorney-client or other privilege or as work product, and no party shall be

held to have waived any rights by such production. Upon written request by the producing party, the receiving party shall (a) return the original and all copies of such privileged or protected documents or information and (b) shall not use such privileged or protected documents or information for any purpose absent further order of the Court.

11. No Waiver of Rights. The production of Confidential Discovery Material shall not constitute an admission by the producing party, and shall not waive the producing person's rights with respect to the propriety, materiality, relevance, or admissibility of the materials produced.

12. Modification of this Order. Any party may apply to the Court for modification of this Order at any time or for the establishment of additional protection governing the use of Confidential Discovery Material, including the use of such material in submissions to the Court or at any hearing or trial. Nothing in this Order shall preclude the parties to this Order from agreeing to amend or modify this Order, so long as any such agreement is in writing.

13. Post-Litigation Treatment of Confidential Discovery Material. No later than 60 days after the expiration of the time in which an appeal may be filed or after an unappealable final resolution or settlement of this litigation, any person or entity possessing any Confidential Discovery Material shall return all such Confidential Discovery Material, including all copies, extracts, and summaries, to the producing party, or, in lieu thereof, shall certify in writing that all Confidential Discovery Material has been destroyed, except that counsel of record may retain for their files copies of any paper served or filed in this litigation, including portions of any such papers that contain or disclose Confidential Discovery Material.

14. Continuing Effect of this Order. Neither the termination of this litigation nor the termination of employment of any person who had access to any Confidential Discovery Material shall relieve any person or entity from the obligations of maintaining both the

confidentiality and the restrictions on the use or disclosure of Confidential Discovery Material pursuant to this Order.

15. <u>Entry of Order by the Court.</u> The parties agree to submit this Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.

DATED this 30th day of June, 2014.

IT IS SO STIPULATED:

_____  Dated: June 30, 2014
Christopher K. Mills
THE MILLS LAW FIRM LLP
1520 Crescent Road
Suite 100
Clifton Park, NY 12065
Telephone: (518) 383-7162

*Counsel to Currier, McCabe & Associates, Inc.*

_____  Dated: 7/7/2014
Charles T. Kimmett
HARRIS, WILTSHIRE & GRANNIS, LLP
1200 Eighteenth St., N.W., 12th Floor
Washington, D.C. 20036
Telephone: (202) 730-1357

*Counsel to Public Consulting Group, Inc.*

SO ORDERED: 7/7/2014

_____
Magistrate Judge Randolph F. Treece
United States District Court
for the Northern District of New York